**Dorothy Jean RAMSEY and Wayne A. Ramsey, her husband, Plaintiffs,**

**v.**

**MELLON NATIONAL BANK & TRUST COMPANY, Defendant.**

**Civ. A. No. 62–235.**

United States District Court
W. D. Pennsylvania.
Sept. 10, 1963.

Samuel L. Goldstein, Pittsburgh, Pa., for plaintiffs.

Vincent J. Grogan, Pittsburgh, Pa., for defendant.

ROSENBERG, District Judge.

A motion is here made by the defendant to strike the names of additional liability witnesses and the offer of testimony contained in the plaintiffs' supple-

mental narrative statement filed June 14, 1963.

The plaintiffs filed their pretrial narrative statement on August 1, 1962, wherein they set forth a list of their various witnesses. The defendant filed its pretrial narrative statement on August 10, 1962 and set forth therein its list of liability and medical witnesses.

In interrogatories propounded by the plaintiffs to the defendant, the defendant on July 11, 1962 answered that the floor mat, which was involved in the accident because of which this action was brought, had been purchased in April, 1953 from P. J. Wiesen Mat and Rubber Co.

The case was pretried before a member of this court on January 2, 1963. On June 13, 1963, the defendant filed an amended pretrial narrative statement containing its offer to prove that diversity of citizenship did not exist between the plaintiffs and the defendant and listed therein a witness and additional records and exhibits.

On June 14, 1963, one day later, the plaintiffs filed a supplemental pretrial narrative statement and listed witnesses relating to the question of diversity of citizenship and a further witness, P. J. Wiesen, relative to defendant's liability. Plaintiffs also listed another witness, Ray Marchecci by letter filed June 13, 1963; however, plaintiffs neglected to include this witness in the supplemental pretrial narrative statement filed the next day. The defendant now seeks to strike these witnesses and their testimony in order that they may not be called at the trial of this case.

It is obvious that both parties were late in filing their respective amended and supplemental pretrial narrative statements, since the order at pretrial indicated that the parties would be "confined to the issues and to the witnesses and exhibits as listed and marked".

█ The filing of pretrial narrative statements has a definite meaning. The statements are filed in order that a pretrial conference may be intelligently had on the theories, contentions, witnesses, exhibits, pleadings and the like of the parties, and each party's pretrial statement should effectively summarize these so that the pretrial conference might be efficacious.

█ At times additional information is required to be filed after a pretrial conference, but such statements, when filed, must be with the approval of the court. Here, neither the defendant nor the plaintiffs, when filing their respective amended and supplemental pretrial narrative statements, secured the approval of the court, nor is there any indication on the record that notice was given to adverse counsel prior to their filing. Such filing is neither in the spirit of our rules, nor a fair interpretation of their application.

█ However, since the defendant interprets the post filing of its amended pretrial narrative statement as proper, I do not see how it may by the same gauge consider the plaintiff's post filing (one day later) of their supplemental pretrial narrative statement as objectionable. Both the plaintiffs and defendant were mutual in their desire to offer additional testimony and each in turn took advantage of the filing of late amended and supplemental pretrial narrative statements. I see nothing by which either party may now contend that advantage was taken of the other, particularly the defendant since it was quite aware of the existence of the named witness, Wiesen, prior to plaintiffs' action, as indicated in the answer made in interrogatories as well as the defendant's pretrial narrative statement of August 10, 1962. In these pleadings the defendant indicated that the rubber mat was purchased from P. J. Wiesen Mat and Rubber Co., together with additional information in regards to the mat. The plaintiffs' additional proposed witness, Ray Marchecci, is listed to provide additional testimony concerning the mat.

Since it appears that the plaintiffs' additional witnesses may be material

witnesses needed by the plaintiffs, and since the defendant has been aware of all the circumstances which surround these witnesses, it does not appear that any prejudice will result to the defendant by permitting the plaintiffs to call these witnesses.

I must point out, however, that this determination is not an indication of approval of the parties to ignore the order of the pretrial. This involves a serious matter of procedure and proper compliance with the rules should be made. Under the circumstances of this case, the motion of the defendant will be denied.